# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE HERNANDEZ, CDCR #K-86923,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>SESSION; JOHN DOE ONE; R. COBB,<br><br>　　　　　　　　　　　　　Defendants. | Civil No.   11cv1949 BTM (BGS)<br><br>**ORDER:**<br><br>**(1)　DISMISSING DEFENDANT COBB; AND**<br><br>**(2)　DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(3) & 28 U.S.C. § 1915(d)** |

## I.  Procedural History

On August 24, 2011, Plaintiff, a state inmate currently incarcerated at the California Rehabilitation Center in Norco, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

This Court granted Plaintiff's Motion to Proceed IFP, found that he had stated a claim as to Defendants Session and John Doe One, but failed to state a claim against R. Cobb. *See* Dec. 9, 2011 Order at 4-5. Plaintiff was given the opportunity to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court or proceed as to those claims that

survived screening. *Id.* at 4.  Plaintiff chose to file an Amended Complaint which he did on January 3, 2012.

## II.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA") requires the Court to review Plaintiff's Amended Complaint sua sponte before service, and dismiss the entire action, or any part of his Amended Complaint, if it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

While the Court has already found that Plaintiff's claims against Session and John Doe One survive screening, *see* Dec. 9, 2011 Order at 3 (ECF No. 3), the claims against Defendant Cobb must be dismissed for failing to state a claim.  In his First Amended Complaint, Plaintiff continues to seek to hold Defendant Cobb liable for the manner in which he responded to Plaintiff's administrative grievances.  As the Court previously informed Plaintiff, he cannot state a Fourteenth Amendment due process claim arising from dissatisfaction with the inmate administrative grievance process.

The Fourteenth Amendment provides that: "[n]o state shall ... deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1.  "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).  State statutes and prison regulations may grant prisoners liberty or property interests sufficient to invoke due process protection. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).  To state a procedural due process claim, Plaintiff must allege: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000).

However, the Ninth Circuit has held that prisoners have no protected *property* interest in an inmate grievance procedure arising directly from the Due Process Clause.  *See Ramirez v. Galaza*, 334 F.3d 850, 869 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure") (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate

1  claim of entitlement to a [prison] grievance procedure"))..

2      In addition, Plaintiff has failed to plead facts sufficient to show that prison official
3  deprived him of a protected *liberty* interest by allegedly failing to respond to his prison
4  grievances in a satisfactory manner. While a liberty interest can arise from state law or prison
5  regulations, *Meachum*, 427 U.S. at 223-27, due process protections are implicated only if
6  Plaintiff alleges facts to show that Defendants: (1) restrained his freedom in a manner not
7  expected from his sentence, and (2) "impose[d] atypical and significant hardship on [him] in
8  relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995);
9  *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997). Plaintiff pleads nothing to suggest how
10 the allegedly inadequate review and consideration of his inmate grievances resulted in an
11 "atypical" and "significant hardship." *Sandin*, 515 U.S. at 483-84.

12     Plaintiff also suggests that the actions of Defendant Cobb have interfered with his right
13 to access to the Courts. To establish a violation of the right to access to the courts, a prisoner
14 must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction,
15 sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered
16 an actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). An "actual injury"
17 is defined as "actual prejudice with respect to contemplated or existing litigation, such as the
18 inability to meet a filing deadline or to present a claim." *Id.* at 348.

19     Here, Plaintiff has failed to alleged any actions with any particularity that have *precluded*
20 his pursuit of a non-frivolous direct or collateral attack upon either his criminal conviction or
21 sentence or the conditions of his current confinement. *See Lewis*, 518 U.S. at 355 (right to
22 access to the courts protects only an inmate's need and ability to "attack [his] sentence[], directly
23 or collaterally, and ... to challenge the conditions of [his] confinement."); *see also Christopher*
24 *v. Harbury*, 536 U.S. 403, 415 (2002) (the non-frivolous nature of the "underlying cause of
25 action, whether anticipated or lost, is an element that must be described in the complaint, just
26 as much as allegations must describe the official acts frustrating the litigation."). Moreover,
27 Plaintiff has not alleged facts sufficient to show that he has been actually injured by any specific
28 defendant's actions. *Lewis*, 518 U.S. at 351.

Plaintiff has not alleged that "a complaint he prepared was dismissed," or that he was "so stymied" by any individual defendant's actions that "he was unable to even file a complaint," direct appeal or petition for writ of habeas corpus that was not "frivolous." *Lewis*, 518 U.S. at 351; *Christopher*, 536 U.S. at 416 ("like any other element of an access claim[,] ... the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope."). Therefore, Plaintiff's access to courts claims must be dismissed for failing to state a claim upon which section 1983 relief can be granted.

Thus, all of Plaintiff's claims against Defendant Cobb are dismissed for failing to state a claim upon which relief may be granted. However, the Court finds that the claims in Plaintiff's Amended Complaint as to Defendants Session and John Doe One are sufficiently pleaded to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Therefore, the Court will direct U.S. Marshal service on his behalf. FED.R.CIV.P. 4(c)(3). Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

### III. CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. The claims against Defendant Cobb are **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A. The Clerk of Court is directed to terminate this Defendant from the docket.

2. The Clerk shall issue a summons as to Plaintiff's First Amended Complaint [ECF No. 4] upon the remaining Defendants, and shall forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Clerk shall provide Plaintiff with a copy of this Order, the Court's December 9, 2011 Order granting Plaintiff leave to proceed IFP [ECF No. 3], and copies of his First Amended Complaint and the summons for purposes of serving each Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the

1 U.S. Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Thereafter, the U.S. Marshal shall serve a copy of the First Amended Complaint and summons upon each Defendant as directed by Plaintiff on each Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

    3. Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

DATED: March 19, 2012

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court